LINN, Circuit Judge,
concurring-in-part.
I agree with the majority in all respects but one. Where I part company is with the majority’s suggestions that the “direction or control” standard is an alternative to and therefore different from the traditional principles of vicarious liability and that circumstances may exist in which *968 “direction” could be separated form “control.” Maj. Op. at 956-66. These suggestions fly in the face of Akamai Technologies, Inc. v. Limelight Networks, Inc., 692 F.3d 1301 (Fed.Cir.2012) (en banc), and this court’s other precedents and amount to no more than obiter dictum, unnecessary to resolve the case presently before us.
The majority’s suggestions are contrary to the test for divided infringement liability under 35 U.S.C. § 271(a) established in BMC Resources, Inc. v. Paymentech, L.P., 498 F.3d 1373 (Fed.Cir.2007) and Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318 (Fed.Cir.2008). The question of when liability arises for divided infringement under § 271(a) was recently before the court sitting en banc in Akamai, and a majority of this court’s active judges expressly declined to alter the standard for direct infringement established by BMC and Muniauction. Akamai, 692 F.3d at 1307. To suggest that Akamai “left open to possible future cases whether some form of liability for divided infringement could occur in some circumstances under § 271(a),” Maj. Op. at 965, unnecessarily provokes continued debate and uncertainty in an area of the law now settled by the court.
The majority’s assertion that the traditional principles of vicarious liability are an alternative way to meet the direction or control standard, suggesting that the direction or control standard is broader than the traditional principles of vicarious liability, is not supported by this court’s precedent. See id. at 965 (“Alternatively, ‘the control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method.’ ” (emphasis added) (quoting Muniauction, 532 F.3d at 1330)). This court has repeatedly equated direction or control with the traditional principles of vicarious liability, such as agency, and has done so most recently in Akamai:
This court has held that for a party to be liable for direct patent infringement under 35 U.S.C. § 271(a), that party must commit all the acts necessary to infringe the patent, either personally or vicariously. In the context of a method claim, that means the accused infringer must perform all the steps of the claimed method, either personally or through another acting under his direction or control....
To be sure, the court has recognized that direct infringement applies when the acts of infringement are committed by an agent of the accused infringer or a party acting pursuant to the accused infringer’s direction or control. Absent an agency relationship between the actors or some equivalent, however, a party that does not commit all the acts necessary to constitute infringement has not been held liable for direct infringement even if the parties have arranged to “divide” their acts of infringing conduct for the specific purpose of avoiding infringement liability.
692 F.3d at 1307 (emphasis added) (citations omitted). The holding of Muniauction similarly recognized the relationship between the traditional principles of vicarious liability and the direction or control test:
Under BMC Resources, the control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method. In this case, Thomson neither performed every step of the claimed methods nor had another party perform steps on its *969 behalf, and Muniauction has identified no legal theory under which Thomson might be vicariously liable for the actions of the bidders. Therefore, Thomson does not infringe the asserted claims as a matter of law.
Muniauction, 532 F.3d at 1330 (citations omitted).
The direction or control test determines when one party “bears responsibility for the actions of the other,” BMC, 498 F.3d at 1382 (emphasis added), or when the steps performed by another are “attributable to the controlling party,” Muniauction, 532 F.3d at 1329 (emphasis added). The traditional principles of vicarious liability, which are well established in the context of tort and agency law, govern when liability arises for the acts of another. See Restatement (Third) of Agency § 1.01 (2006); Restatement (Second) of Torts § 877 (1979); Restatement (Second) of Torts § 315 (1965). To find one party liable for the actions of another independent of the traditional principles of vicarious liability would essentially hold a party liable for practicing only a portion of the claim, and thus derogate from the general principle that “[i]nfringement requires, as it always has, a showing that a defendant has practiced each and every element of the claimed invention.” BMC, 498 F.3d at 1380 (citing Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 40, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997)); see also Muniauction, 532 F.3d at 1329 (“The court’s analysis [in BMC ] was founded on the proposition that direct infringement requires a single party to perform every step of a claimed method.”). As this court explained in Akamai, while a single entity can directly infringe a patent by performing all of the steps of a method “either personally or vicariously,” direct infringement is a strict liability tort and “has not been extended to cases in which multiple independent parties perform the steps of the method claim.” 692 F.3d at 1307. This is because to do so would “ensnare actors who did not themselves commit all the acts necessary to constitute infringement and who had no way of knowing that others were acting in a way that rendered their collective conduct infringing.” Id. The majority’s suggestion that the traditional principles of vicarious liability are not the only way to show direction or control is contrary to the single entity rule and the all elements rule, and would allow independent parties to be held strictly liable for an infringement that none of them individually commits.
The majority’s proposed separation of direction from control is contrary to this court’s precedent. Muniauction, 532 F.3d at 1330 (treating “control or direction” as a single standard met “where the law would traditionally hold the accused direct in-fringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method”). Nonetheless, the majority invites a “reasonable fact-finder” to draw such a distinction and separately discusses direction and control in its analysis. Maj. Op. at 965. The majority’s sub silentio separation of direction and control in its analysis is both inappropriate and uncalled for, as the majority’s speculation on this settled standard is unnecessary to resolve the case presently before this court.